UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
VANO ABULADZE,

                      Plaintiff,

- against -

OMANIZ L. BATISTA,[1] and ECS
TRANSPORTATION, LLC,

                      Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3310 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

On July 23, 2020, Defendants Omaniz L. Batista and ECS Transportation, LLC filed a Notice of Removal (the "Notice") removing this action from the Supreme Court of the State of New York, Kings County to this Court. (Dkt. 1.) For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

Plaintiff Vano Abuladze alleges that on February 24, 2020, he was injured when the motor vehicle he was driving was struck by a motor vehicle owned by ECS Transportation, LLC, and operated by Batista in the course of his employment by ECS Transportation, LLC. (*See generally* Complaint, Dkt. 1-3.) Plaintiff's complaint demands judgment against Defendants "in an amount exceeding the jurisdictional limitations of all lower Courts which would have jurisdiction over this case" (*id.* at 15), but does not specify any damages amount.

---

[1] Defendant Omaniz L. Batista was incorrectly listed as a plaintiff in the ECF docket system. (*See generally* Complaint, Dkt. 1-3.) The Court respectfully directs the Clerk's Office to amend the docket to correctly reflect Batista's status as a defendant in this matter.

1

In removing this matter, Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice, Dkt. 1, ¶ 6.) The Notice alleges that Plaintiff is a citizen of New York, Defendant ECS Transportation, LLC is a citizen of Connecticut, and Defendant Batista is a citizen of Connecticut. (*Id.* ¶ 3.) With respect to the amount in controversy, the Notice only states that "the amount in controversy in this suit is in excess, exclusive of interest and costs, of $75,000." (*Id.* ¶ 2.) Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the

2

plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that "the amount in controversy in this suit is in excess, exclusive of interest and costs, of $75,000" (Notice, Dkt. 1, ¶ 2) without providing any factual allegations to support this conclusion. Furthermore, here, "Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiff's complaint], because the [c]omplaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Plaintiff only alleges that he was damaged "in an amount exceeding the jurisdictional limitations of all lower Courts which would have jurisdiction over this case." (Complaint, Dkt. 1-3, at 15.) This mention of the "lower Courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower Courts") (internal citation omitted); *see id.* at *2 n.3 (collecting cases).

Finally, neither the complaint nor the Notice contains any further information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable

inference that the amount-in-controversy requirement has been satisfied. Plaintiff's general allegations that he "sustained severe and permanent personal injuries"; that he

> has been rendered sick, sore, lame and disabled, was seriously permanently injured; has suffered mental and nervous shock, all with accompanying great pain and suffering; has had and will require medical treatment and medicines; was an[d]/or will be unable to attend to his usual quality of enjoyment of life and has and shall suffer loss of earnings[;]

and that he "has suffered a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York," and that he "has suffered an economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York[2]" (Complaint, Dkt. 1-2, ¶¶ 78, 85–87), are not enough. *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "the [c]omplaint's boilerplate allegations that [the p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future'" "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"); *Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

---

[2] Under Section 5102 of the New York Insurance Law, basic economic loss is defined as "up to fifty thousand dollars per person." N.Y. Ins. Law § 5102. Therefore, Plaintiff's allegation of "economic loss greater than basic economic loss" (Complaint, Dkt. 1-3, ¶ 87) does not, on its own, satisfy the required jurisdictional amount. *See Herrera*, 2016 WL 4536871, at *2.

Accordingly, the Court finds that Defendants' allegations in their Notice are insufficient to support the exercise of federal subject matter jurisdiction.[3] Remand to the state court is therefore proper. *See, e.g.*, *Woodley*, 2008 WL 2191767, at *2.

## CONCLUSION

For the foregoing reasons, this case is remanded to New York State Supreme Court, Kings County, under Index No. 510698/2020, for lack of federal subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 30, 2020
Brooklyn, New York

---

[3] The Court notes that Defendants are "not without recourse to determine the amount of damages Plaintiff seeks." *Herrera*, 2016 WL 4536871, at *2. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). "Rather than prematurely removing the action to this Court, Defendant[s] should have availed [themselves] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages." *Herrera*, 2016 WL 4536871, at *2.; *cf. Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").

5